**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH YAMAT** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TRANS UNION, LLC AND NAVIENT SOLUTIONS, LLC** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# COMPLAINT
## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA") 15 U.S.C §§ 1681 *et seq as amended.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Joseph Yamat is an adult individual who resides in the State of Wisconsin.

5. Defendant TransUnion, LLC ("Trans Union") is a consumer reporting agency which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Navient Solutions, LLC ("Navient") is a student loan servicer that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 123 Justison Street, 3rd Floor, Wilmington, DE, 19801.

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least February 2026 to the present.

8. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, obligations consisting of five (5) student loans that are erroneously reporting more than seven (7) years past the date of first delinquency and that are also erroneously double reporting as ten (10) student loans (hereafter the "inaccurate information").

9. Plaintiff incurred this debt several years ago with dates of delinquency of approximately 2009 through 2014.

10. Defendants falsely gave the debt a new date of delinquency of approximately January 2020 through December 2024.

11. As a result of Plaintiff's actual initial date of delinquency being more than seven years old, and pursuant to 15 U.S.C. 1681c, the inaccurate information should have been removed from Plaintiff's Trans Union credit report no later than 2021.

12. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's debt to income ratio, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least February 2026 to the present.

14. Defendant Trans Union is the only credit reporting agency that is double reporting the inaccurate information on Plaintiff's credit report.

15. Plaintiff's credit reports and file have been obtained from Defendant Trans Union and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendant Trans Union by such third parties from at least February 2026 to the present.

16. Plaintiff has disputed the inaccurate information with Defendant Trans Union by following Defendant Trans Union's established procedures for disputing consumer credit information.

17. Plaintiff has disputed the inaccurate information with Defendant Trans Union from at least February 2026 through the present.

18. Notwithstanding Plaintiff's efforts, Defendant Trans Union has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendant Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least February 2026 through the present.

19. Despite Plaintiff's efforts, Defendant Trans Union has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally

furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

20. Notwithstanding Plaintiff's disputes, Defendant Navient, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes, has failed to mark the inaccurate information as disputed, and has willfully continued to report such inaccurate information to various credit reporting agencies.

21. Notwithstanding Plaintiff's efforts, Defendants failed to correct the inaccurate information and in fact verified the inaccurate information.

22. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation, and emotional distress, including anxiety, frustration, embarrassment, humiliation, and including physical symptoms of emotional distress.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION
## VIOLATIONS OF THE FCRA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendant Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

30. The conduct of Defendant Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Trans Union is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – VIOLATIONS OF THE FCRA
**(Plaintiff v. Nelnet)**

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto Defendant Nelnet was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

31. At all times pertinent hereto Defendant Nelnet was a "furnisher" of credit information as defined by the FCRA.

32. Defendant Nelnet violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b)

33. Defendant Nelnet's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant Rushmore is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

34. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Mark D. Mailman*
Mark D. Mailman, Esquire
Siobhán E. McGreal, Esquire
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
mmailman@consumerlawfirm.com
smcgreal@consumerlawfirm.com

Dated: October 28, 2026

*Attorneys for Plaintiff*